UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFERSON ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, et al.,<br><br>Defendants. | Case No. 5:16-cv-03346-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 18 |

## I. INTRODUCTION

Plaintiff Jefferson Robinson ("Plaintiff") brings this action against Defendants TransUnion, LLC ("TransUnion") and The Best Service Company, Inc. ("Best") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a).

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Best now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 18. Plaintiff filed a response to the motion. Dkt. No. 23. Having carefully considered the pleadings filed by the parties, the court has determined the Motion to Dismiss should be denied. However, the Motion for Summary Judgment, which is unopposed, will be granted for the reasons explained

1

Case No.: 5:16-cv-03346-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

below.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57.  A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court generally does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

### B.   Federal Rule of Civil Procedure 56

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

2

Case No.: 5:16-cv-03346-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the issue is one on which the nonmoving party must bear the burden of proof at trial, the moving party need only point out an absence of evidence supporting the claim; it does not need to disprove its opponent's claim. Id. at 325.

If the moving party meets the initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324. A "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. Id. ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." Id.

## III. DISCUSSION

### A. Statutory Framework

#### i. FCRA

Although the FCRA generally prohibits "[a] person" from furnishing information "relating to a consumer" to any consumer reporting agency ("CRA") "if the person knows or consciously avoids knowing that the information is inaccurate," a consumer cannot sue a furnisher based simply on the communication of inaccurate information. 15 U.S.C. § 1681s-2(a); see Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Instead, a consumer has a private right of action against a furnisher if, after receiving notice that information is disputed, the furnisher fails to reasonably undertake one of the following duties: "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency," "report the results of the investigation to the consumer reporting agency," and "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b).

Consequently, "[t]o state a claim under the FCRA, a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E)." Corns v. Residential Credit Solutions, Inc., No. 2:15-cv-1233-GMN-VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016).

For the first element, the plaintiff must dispute *facts* underlying the purported inaccuracy; the presentation of *legal defenses* to payment will not suffice. See Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 38 (1st Cir. 2010) ("[J]ust as in suits against CRAs [under § 1681i], a plaintiff's required showing [under §1681s-2(b)] is factual inaccuracy, rather than the existence of disputed legal questions" because "[l]ike CRAs, furnishers are 'neither qualified nor obligated to resolve' matters that 'turn[] on questions that can only be resolved by a court of law.'"); see also Carvalho

4

Case No.: 5:16-cv-03346-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

v. Equifax Info. Servs., LLC, 615 F.3d 1217, 1230 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). "The inaccuracy requirement comports with the purpose of the FCRA, which is 'to protect consumers from the transmission of inaccurate information about them.'" Carvalho, 615 F.3d at 1230 (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009)). Notably, however, "a credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" Gorman, 584 F.3d at 1163 (quoting Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998)).

### ii. CCRAA

Similar to the FCRA, the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate," and imposes liability on furnishers who, after receiving notice of a dispute, fail to complete a reasonable investigation with respect to the disputed information and report the results to a CRA. Cal. Civ. Code § 1785.25(a), (g). The CCRAA also provides for a private right of action: "[a]ny consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person . . . ." Cal. Civ. Code § 1785.31(a).

"The CCRAA mirrors the provisions of the FCRA." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1335 (9th Cir. 1995). And "because the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" Carvalho, 629 F.3d at 889 (9th Cir. 2010) (quoting Olson v. Six Rivers Nat'l Bank, 111 Cal. App. 4th 1, 12 (2003)).

**B.     The Motion to Dismiss**

The court first examines Best's Motion to Dismiss.

Looking at the Complaint, the same allegations underlie both the FCRA claim and the CCRAA claim. Plaintiff alleges he filed for Chapter 13 bankruptcy protection on March 31, 2014, and that a financial reorganization plan was confirmed pursuant to 11 U.S.C. § 1327 on November 10, 2014. Compl., Dkt. No. 1, at ¶ 5. Plaintiff then ordered a "three bureau" credit report on July 15, 2015, and "noticed several tradelines all reporting misleading and inaccurate account information." Id. at ¶ 7. Specific to Best, Plaintiff alleges it was reporting his account "beginning in 1154, as in collections, despite a Bankruptcy Court Order stating the $0.00 is owed and that the Chapter 13 Bankruptcy Trustee's accounting indicates that $0.00 is owed." Id. at ¶ 8. Plaintiff disputed the purported inaccuracy with the CRAs and "is informed and believes" that notification was sent to furnishers. Id. at ¶¶ 9, 10. He contends that Best failed to conduct a reasonable investigation of the inaccuracy and continued to report the information falsely to TransUnion, or that TransUnion failed to perform its own reasonable investigation. Id. at ¶¶ 11, 12.

Best argues these allegations are "nothing more than a recitation of the elements" and fail to establish that it was reporting inaccurate information about Plaintiff's account, even after Plaintiff obtained confirmation of a reorganization plan in his bankruptcy case. The court disagrees. Though they are certainly minimal, Plaintiff has included just enough factual information to state a claim under the FCRA and, by virtue of doing that, has also stated a CCRAA claim. Best's arguments to the contrary are unpersuasive.

Best contends the information it furnished was not inaccurate or misleading because reporting a debt during the pendency of a bankruptcy is not actionable under the FCRA or CCRAA. It is true that courts in this district have held that it is not misleading or inaccurate to report delinquent debts not yet discharged in bankruptcy. See Mortimer v. JP Morgan Chase Bank, N.A., No. C 12-1936 CW, 2012 U.S. Dist. LEXIS 108576, at *9, 2012 WL 3155563 (N.D. Cal. Aug. 2, 2012) ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy

6
Case No.: 5:16-cv-03346-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

code nor the FCRA does so."); see also Mortimer v. Bank of America, N.A., No. C-12-01959 JCS, 2013 U.S. Dist. LEXIS 51877, at *16-18, 2013 WL 1501452 (N.D. Cal. Apr. 10, 2013) (finding that the FCRA does not prohibit the accurate reporting of debts that were delinquent during the pendency of a bankruptcy action, even after those debts have been discharged, so long as the bankruptcy discharge is also reported); see also Giovanni v. Bank of America, N.A., No. C 12-02530 LB, 2012 U.S. Dist. LEXIS 178914, at *14-16, 2012 WL 6599681 (N.D. Cal. Dec. 18, 2012). Indeed, relying on this exact authority, the undersigned recently dismissed an arguably comparable FCRA claim because the plaintiff did not plausibly allege why reporting an account as past due was inaccurate, even though a reorganization plan was confirmed the plaintiff's pending bankruptcy case. Biggs v. Experian Info. Solutions, Inc., No. 5:16-cv-01507-EJD, slip. op. at 5 (N.D. Cal. Sept. 22, 2016).

But Plaintiff's allegations are different. Here, the information Best allegedly furnished to the CRAs - that Plaintiff's account was in collections - suggests something more than just an account status. Indeed, it suggests that Best or a designee can actively collect on the debt despite Plaintiff's reorganization plan, under which Plaintiff contends Best is entitled to nothing. Such collection activity would be barred by § 1327(a), which provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." In essence, that statute prohibits "a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan." In re Pardee, 218 B.R. 916, 925 n.9 (9th Cir. B.A.P. 1998). Thus, because the information Best furnished implies some interest that conflicts with Plaintiff's § 1327 plan, the court finds the information Best furnished is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Gorman, 584 F.3d at 1163.

Best also challenges the Complaint's allegations as inconsistent because, on the one hand, Plaintiff states Best failed to investigate the information it was reporting after being notified of the

7

Case No.: 5:16-cv-03346-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

dispute, and on the other, states that TransUnion did not "send all relevant information to the furnishers." To the extent these allegations are contradictory, the characterization is not fatal to Plaintiff's claims at this point because Rule 8(d)(3) expressly permits the pleading of inconsistent claims. The rule advocated by Best, which is to "permit[] one claim to be invoked as an admission against an alternative or inconsistent claim would significantly restrict, if not eliminate, the freedom to plead inconsistent claims provided by Rule 8[]." Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985). Best's argument is rejected on that basis.

In sum, the Complaint alleges facts that satisfy the requirements of the FCRA and the CCRAA. Plaintiff identifies the "in collections" inaccuracy, states that he disputed the designation with the CRAs, alleges that to his knowledge the CRAs communicated the dispute to furnishers like Best, and claims that Best failed to then undertake a reasonable investigation of the information it was reporting. Since these allegations are enough to render Plaintiff's claims plausible, the motion to dismiss will be denied.

### C. The Motion for Summary Judgment

The court now turns to Best's motion for summary judgment. Though Plaintiff did not submit opposition to this motion, the court must nonetheless determine whether Best met the burden of showing its entitlement to judgment under Rule 56. See Cristobal v. Siegel, 26 F.3d 1488, 1491 (9th Cir. 1994).

Best argues there is no dispute of material fact that it was never notified of the dispute Plaintiff allegedly submitted to the CRAs. "Since a private right of action against furnishers exists only for duties imposed by § 1681s-2(b), notice from the CRA to the furnisher is an essential allegation for a prima facie case under the FCRA." Venugopal v. Digital Fed. Credit Union, No. 5:12-CV-06067 EJD, 2013 U.S. Dist. LEXIS 43829, at *6-7, 2013 WL 1283436 (N.D. Cal. Mar. 27, 2013) (citing Gorman, 584 F.3d at 1154). Notice to the furnisher as a precursor to liability is also required under the CCRAA. See Cal. Civ. Code § 1785.25(g).

In support of its argument, Best has submitted the declaration of its Legal Department

8

Case No.: 5:16-cv-03346-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Manager, Gary Condon, in which he states that Plaintiff's account with Bank of the West was assigned to Best for collection in 2013, and that Plaintiff's account was paid in full in 2014. Dkt. No. 18-3, at ¶¶ 3-5. Condon also states that Best's corporate policy is to investigate all indirect disputes received from CRAs and update any account that is found to be misleading or inaccurate, but did not receive an indirect dispute regarding Plaintiff's account. Id. at ¶ 7. In addition, Condon states that Best never received a dispute directly from Plaintiff, and did not receive notice of Plaintiff's bankruptcy, which was notably filed after Plaintiff's account with Best had been satisfied. Id. at ¶¶ 8-10.

Best has successfully shown that Plaintiff lacks evidence to support the notice elements of his claims. Thus, the burden shifts to Plaintiff produce evidence upon which a jury could find in his favor. He has not done so by not opposing the motion, leaving Best's evidence uncontroverted. Thus, Best is entitled to summary judgment on both claims asserted against it.

## IV.   ORDER

Based on the foregoing, Best's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Dkt. No. 18) is GRANTED IN PART and DENIED IN PART. The Motion to Dismiss is DENIED, but the Motion for Summary Judgment is GRANTED.

Judgment will be entered in favor of Best on the claims asserted against it.

**IT IS SO ORDERED.**

Dated: September 23, 2016



EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

9
Case No.: 5:16-cv-03346-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT