UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFERSON ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>THE BEST SERVICE COMPANY, INC.,<br><br>Defendant. | Case No. 5:16-cv-03346-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR FINDING OF BAD FAITH AND HARASSMENT AND FOR AWARD OF ATTORNEY FEES**<br><br>Re: Dkt. No. 38 |

## I. INTRODUCTION

Plaintiff Jefferson Robinson ("Plaintiff") alleged in this action that Defendants TransUnion, LLC and The Best Service Company, Inc. ("Best") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a), by inaccurately reporting credit account information after the confirmation of a bankruptcy reorganization plan. In response to Plaintiff's Complaint, Best moved for dismissal or, in the alternative, for summary judgment. Dkt. No. 18. Plaintiff did not submit argument or evidence in opposition to the motion for summary judgment, and the court denied the motion to dismiss but granted summary judgment to Best on both of Plaintiff's claims. Dkt. No. 35.

Best contends this action was initiated and maintained and in bad faith, and now moves pursuant to Federal Rule of Civil Procedure 54(d)(2)(A) for an award of attorney's fees. Dkt. No. 38. Plaintiff, unsurprisingly, disagrees and opposes the motion.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Plaintiff's claims against Best were, if anything, misguided and poorly researched, and the performance of Plaintiff's counsel was less than ideal. That said, the court cannot find on this record that either Plaintiff or his attorneys engaged in sanctionable conduct. And though Plaintiff's counsel should not be

1
Case No.: 5:16-cv-03346-EJD
ORDER DENYING DEFENDANT'S MOTION FOR FINDING OF BAD FAITH AND
HARASSMENT AND FOR AWARD OF ATTORNEY FEES

comforted that this determination somehow vindicates the decision to pursue this and hundreds of other similar cases based on oftentimes questionable factual allegations and legal theories, Best's motion will be denied for the reasons explained below.

## II. DISCUSSION

Best cites three legal bases for its request for fees: (1) 15 U.S.C. § 1681n(c) of the FCRA; (2) the "bad faith" exception to the American Rule against attorney's fees; and (3) Federal Rule of Civil Procedure 11. Each basis is discussed in turn.

### A. 15 U.S.C. § 1681n(c)

Section 1681n(c) of the FCRA provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

District courts have construed the term "bad faith" in the context of § 1681n(c) to require "either that the party subjectively acted . . . knowing that he had no viable claim - or that he filed an action or paper that was frivolous, unreasonable, or without foundation." Ryan v. Trans Union Corp., No. 99 C 216, 2001 U.S. Dist. LEXIS 1239, at *15, 2001 WL 185182 (N.D. Ill Feb. 26, 2001). Additionally, "[t]he statute requires a showing that a document was *filed* in bad faith;" it does not "impose an obligation to withdraw or revise a pleading or motion that later turned out to be baseless." Id. at *17 (emphasis preserved); Smith v. HM Wallace. Inc., No. 08-22372-CIV, 2009 U.S. Dist. LEXIS 125885, at *5, 2009 WL 3179539 (S.D. Fla. Sept. 9, 2009).

District courts have also held that § 1681n(c) "does not authorize the imposition of attorneys' fees on a party's counsel," but only on the plaintiff himself or herself. Smith, 2009 U.S. Dist. LEXIS 125885, at *5; accord Lewis v. Trans Union LLC, No. 04 C 6550, 2006 U.S. Dist. LEXIS 76242, at *7, 2006 WL 2861059 (N.D. Ill. Sept. 29, 2006); Arutyunyan v. Cavalry Portfolio Servs., No. CV 12-4122 PSG (AJWx), 2013 U.S. Dist. LEXIS 29901, at *5, 2013 WL

2

Case No.: 5:16-cv-03346-EJD
ORDER DENYING DEFENDANT'S MOTION FOR FINDING OF BAD FAITH AND HARASSMENT AND FOR AWARD OF ATTORNEY FEES

500452 (C.D. Cal. Feb. 11, 2013). Consequently, the scope of the § 1681n(c) inquiry is properly limited to an examination of Plaintiff's conduct, rather than conduct attributed to his counsel. See Lewis, 2006 U.S. Dist. LEXIS 76242, at *8-9; see also Arutyunyan, 2013 U.S. Dist. LEXIS 29901, at *6.

Here, Best argues that Plaintiff knew or should have known he could not prove a FCRA or CCRAA claim against Best because it did not receive notice of Plaintiff's dispute, as required by 15 U.S.C. § 1681s-2(b) and California Civil Code § 1785.25. Although Best ultimately prevailed in this action based on that contention, it has not explained exactly how Plaintiff knew or could have known of the notice defect at the time he filed the Complaint. Plaintiff alleged that he notified the credit reporting agencies ("CRAs") of the disputed information on his credit report. The notification triggered the CRAs' duties under 15 U.S.C. § 1681i(a)(2), requiring them - not Plaintiff - to then notify the furnishers of the dispute. Notably, Plaintiff did not allege any personal contact with Best or any of the other furnishers of credit information, and could not have otherwise known that Best did not receive notice of his dispute from the CRAs without undertaking discovery on the topic or, as eventually occurred here, receiving a communication from Best. Though Plaintiff could have made a pre-filing demand and potentially learned of the notice deficiency sooner, or could have voluntary withdrawn his claims after receiving information from Best's counsel, neither action is required to avoid a sanction under § 1681n(c). Under these circumstances, the court cannot find that Plaintiff filed the Complaint knowing that he had no viable claim against Best.

Best also argues that Plaintiff's counsel acted recklessly by pursuing this case, relying on Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306 (11th Cir. 2002). That case - involving sanctions imposed pursuant to the court's inherent power - is factually distinguishable and its legal standard inapposite in this particular instance. As explained, counsel's conduct cannot support a bad faith finding under § 1681n(c), reckless or not.

In sum, Best has not adequately shown an entitlement to fees under § 1681n(c).

3

Case No.: 5:16-cv-03346-EJD
ORDER DENYING DEFENDANT'S MOTION FOR FINDING OF BAD FAITH AND
HARASSMENT AND FOR AWARD OF ATTORNEY FEES

### B. The "Bad Faith" Exception

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). This general prohibition is known as the "American Rule." Espinoza-Gutierrez v. Smith, 94 F.3d 1270, 1279 (1996). There is, however, an exception to the American Rule permitting the court to "award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons,'" whether such action occurred leading up to the lawsuit or during the litigation. Hall v. Cole, 412 U.S. 1, 6-14 (1973).

"An award of attorney fees under the 'bad faith' exception is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." Beaudry Motor Co. v. Abko Props., Inc., 780 F.2d 751, 756 (9th Cir. 1986). And because "it risks conflict with the rationale of the American rule," the exception "should be construed narrowly." Ass'n of Flight Attendants v. Horizon Air Indus., 976 F.2d 541, 550 (9th Cir. 1992).

Best believes sanctions are warranted under the "bad faith" exception because Plaintiff knew when he filed the Complaint that it had not received notice of his dispute from the CRAs. Not so; the court has already stated why such knowledge cannot be inferred from this record.

Nor has Best convincingly established that "bad faith" sanctions should be assessed on Plaintiff's counsel. Best argues that Plaintiff's counsel failed to adequately investigate whether FCRA and CCRAA claims could be asserted against Best as a matter of fact before filing the Complaint, and notes the absence of any opposition to the motion for summary judgment. It is true, as the outcome of his claims demonstrate, that Plaintiff's counsel could have more thoroughly explored Best's potential liability before filing the Complaint, and probably should do so in future cases given the amount of similar claims Plaintiff's counsel has asserted in this district. But that said, and given the narrow application of the "bad faith" exception, the court does not find that counsel's performance was deficient enough to justify a punitive sanction.

For these reasons, Best's request for attorney's fees pursuant to the "bad faith" exception to the American Rule will be denied.

4

Case No.: 5:16-cv-03346-EJD
ORDER DENYING DEFENDANT'S MOTION FOR FINDING OF BAD FAITH AND
HARASSMENT AND FOR AWARD OF ATTORNEY FEES

### C. Rule 11 Sanctions

Finally, Best argues for fees under Rule 11 which "authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." Sneller v. City of Bainbridge Island, 606 F.3d 636, 638-39 (9th Cir. 2010). As a matter of procedure, however, Rule 11 contains a "safe harbor" provision "to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions.*" Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998) (emphasis preserved); Fed. R. Civ. P. 11(c)(2). The moving party satisfies the "safe harbor" provision only through service of a proposed sanctions motion on the offending party before filing it. Id. at 710. Informal warnings are not motions and will not suffice. Id.

Best has not demonstrated compliance with Rule 11's "safe harbor" provision. No proposed motion was attached to the letter sent to Plaintiff's counsel on June 28, 2016, which detailed Best's version of the relevant facts. At most, the June 28th letter is properly classified as an informal warning, and Best has not produced any other evidence in this regard. Consequently, it cannot be awarded fees under Rule 11 in connection with this request.

## III. ORDER

Best's Motion for Finding of Bad Faith and Harassment and for Award of Attorney Fees (Dkt. No. 38) is DENIED.

**IT IS SO ORDERED.**

Dated: April 13, 2017

EDWARD J. DAVILA
United States District Judge

5

Case No.: 5:16-cv-03346-EJD
ORDER DENYING DEFENDANT'S MOTION FOR FINDING OF BAD FAITH AND HARASSMENT AND FOR AWARD OF ATTORNEY FEES